IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

FILED - CLERK
U.S. DISTRICT COURT
05 APR 22 PM 3: 08
TX EASTERN - BEAUMONT
BY_____

| | | |
|---|---|---|
| DERRICK GRAY | § | |
| VS. | § | CIVIL ACTION NO. 1:05cv262 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM ORDER

Movant Derrick Gray, a federal prisoner, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

### Factual Background

Movant pleaded guilty in the United States District Court for the Eastern District of Texas to the offense of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841. On June 25, 2003, movant was sentenced to 97 months of imprisonment. Movant appealed the judgment, but his appeal was dismissed for want of prosecution on November 5, 2003.

### The Motion to Vacate Sentence

Movant contends his guilty plea was not entered knowingly and intelligently. Movant also contends counsel was ineffective for giving inaccurate estimates of his sentence exposure.

### Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), in part, altered the procedural requirements of motions brought pursuant to Section 2255. Pub. L. No. 104-132, 110 Stat. 1214. One such procedural change imposes a one year statute of limitations on Section 2255 motions. 28 U.S.C. § 2255. The limitations period begins to run from the latest of: (1) the date on which the judgment became final; (2) the date on which an impediment to filing created by

unconstitutional government action was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right if the right is retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered by due diligence. *Id.*

In most cases, the applicable period of limitations begins to run on the date the conviction became final. Movant's sentence became final on February 3, 2004, after the time for filing a petition for writ of certiorari had expired. The statute of limitations expired on February 3, 2005. This motion, filed on March 31, 2005,[1] is untimely.

In *Davis v. Johnson*, the United States Court of Appeals for the Fifth Circuit held that "the limitations period does not circumscribe federal jurisdiction, and can be equitably tolled in appropriate, albeit extraordinary circumstances." *Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998). Equitable tolling may be available if the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). However, equitable tolling should only be applied if the applicant diligently pursues relief. *Id.* Ignorance of the law, even for a *pro se* prisoner, does not generally warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

Movant has not demonstrated any extraordinary circumstances warranting equitable tolling. Thus, equitable tolling is inappropriate in this case.

---

[1] A prisoner's pleading is considered filed as of the date it was delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

*Conclusion*

For the reasons set forth above, this motion to vacate, set aside or correct sentence is barred by the applicable statute of limitations and should be dismissed. A final judgment shall be entered in accordance with this memorandum opinion.

**SIGNED** this 21st day of April, 2005.

_____
HOWELL COBB
UNITED STATES DISTRICT JUDGE